# UNITED STATES DISTRICT COURT
for the
District of Maryland

| United States of America | ) |
| v. | ) |
| LEON COOK | ) Case No. r 12 3024 PWG |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 15, 2012__ in the county of __Baltimore City__ in the
_____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Felon |
| 18 U.S.C. § 931 | Possession of body armor by violent felons |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____  6/26/12
*Complainant's signature*

LISA CHRISTY    SPECIAL AGENT    ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____  6/26/12
*Judge's signature*

City and state: __Baltimore, MD__

PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE
U.S. COURTHOUSE BLDG. RM 810
101 W. LOMBARD ST.
BALTIMORE, MD. 21201

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. Your Affiant, Special Agent, Lisa Christy, after being duly sworn, states as follows:

2. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

3. Your Affiant, Lisa Christy, has been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 9, 2008. Since this time, I have completed the Basic Criminal Investigator Training Course at the Federal Law Enforcement Center located in Brunswick, Georgia. I have also completed the Special Agent Basic Training Course at the ATF National Academy located in Glynco, Georgia. I am currently assigned to the Baltimore Field Division's High Intensity Drug Trafficking Area (HIDTA) Group where my assignments involve conducting criminal investigations into cases of illegal possession/transfer of firearms, firearms trafficking, violent crimes involving firearms and narcotics trafficking.

4. Prior to joining ATF, I served as a Philadelphia Police Officer in the 35th district for about 2 ½ years. During this time, my duties involved responding to emergency 911 calls. I also conducted vehicle and pedestrian investigations.

5. I have a Bachelor of Arts Degree in Politics from Ursinus College.

6. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews conducted by myself and/or with other law enforcement agents, communications with others who have personal knowledge of the events and

1



circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

7. On February 15, 2012 Baltimore Police officers working on a combination of confidential information and trash pulls that resulted in positive findings of CDS served a state search warrant on 3032 Brighton Street and 3030 Brighton Street both in the city of Baltimore, Maryland. As Detectives approached to execute the warrant, Detectives observed the defendant, Leon Cook on the front porch of 3032. Upon seeing the detectives, Cook ran into 3030 Brighton Street. As members of the search warrant team entered and executed the search warrant on the residences, a member of the team was stationed at the rear of both houses to maintain security. It was at this time the detective observed Cook standing at a rear second floor window. Cook was then observed throwing a black object on to the rear porch roof of 3030 Brighton Street. Detectives executed the search and seizure warrant on 3030 Brighton Street. Once the residences were secured the rear detective made entry and identified Leon Cook as the individual who had thrown the black object out of the window. The object was recovered and it was determined to be a black tee shirt wrapped around a Bersa .380 handgun serial #957767, and an American Body Armor (ABA) ballistic vest serial #N-9505560-A. The weapon was loaded with eight rounds of ammunition.

8. Your Affiant is aware, based on my training, knowledge and experience, that there are no manufacturers of pistol ammunition in the state of Maryland. Accordingly, the ammunition was manufactured outside the state of Maryland and, therefore, affected interstate commerce prior to its recovery on February 15, 2012. Your Affiant is aware, based on my

2



training, knowledge and experience, that the Bersa Handgun was manufactured outside the state of Maryland and, therefore, affected interstate commerce prior to its recovery on February 15, 2012. Examination indicates that the firearm and the ammunition both satisfied the definitional requirements of 18 U.S.C. § 921. The Bersa, serial number #957767, has been tested and has been found to be designed to expel a projectile by the action of an explosive. Furthermore the eight .38 caliber rounds have been examined and have been found to be ammunition designed for use in any firearm.

9. A computerized check of Leon Cook's criminal history reveals that he was convicted in 2005 for Possess with the Intent to Distribute Controlled Dangerous Substances, a crime punishable by more than one year imprisonment.

10. Therefore, based on the evidence above, your Affiant submits that there is probable cause to believe that Leon Cook possessed the firearm and the ammunition, both of which had affected interstate commerce, after a prior conviction for a crime punishable by more than one year in prison in violation of 18 U.S.C. § 922(g)(1).

11. Your Affiant is aware, based on my training, knowledge and experience, that the ABA body armor was manufactured outside the state of Maryland and, therefore, affected interstate commerce prior to its recovery on February 15, 2012. The item does constitute "body armor" as the term as definied by 18 U.S.C. § 921.

12. A computerized check of Leon Cook's criminal history reveals that he was convicted in 2004 for conspiracy to commit robbery with a deadly weapon, a crime of violence.

13. Therefore, based on the evidence above, your Affiant submits that there is probable cause to believe that Leon Cook possessed the body armor, which had affected interstate commerce, after a prior conviction of a crime of violence in violation of 18 U.S.C. §

3



**12 3024 PWG**

931.

_[signature]_
Special Agent Lisa Christy
Bureau of Alcohol, Tobacco, Firearms and Explosives

Signed and sworn to me this 26th Day of June, 2012.

_[signature] 6/26/12_
Honorable Paul W. Grimm
United States Magistrate Judge

**PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE
U.S. COURTHOUSE BLDG. RM 810
101 W. LOMBARD ST.
BALTIMORE, MD. 21201**

4