**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. RDB-12-0644 |
| LEON COOK | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE
EVIDENCE SEIZED IN CONNECTION WITH THE EXECUTION OF SEARCH
WARRANTS AT 3030 AND 3032 BRIGHTON STREET, BALTIMORE, MARYLAND**

The defendant, Leon Cook, through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Joseph A. Balter, Deputy Federal Public Defender, hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any tangible and derivative evidence seized in connection with the execution of search warrants at 3030 and 3032 Brighton Street, Baltimore, Maryland.  As grounds therefore, he states the following:

1.      The defendant, Leon Cook, is charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and possession of body armor by a violent felon, in violation of 18 U.S.C. § 931(a).

2.      The Honorable James Mann, District Court of Baltimore City, issued search warrants for 3030 Brighton Street, Baltimore, Maryland and 3032 Brighton Street, Baltimore Maryland, on February 9, 2012.  Law enforcement officers proceeded to the locations to execute the warrants on February 15, 2012 at about 5:50 p.m.  Copies of the warrants are attached hereto as Exhibit 1 (3030 Brighton Street); and Exhibit 2 (3032 Brighton Street).

3.      Mr. Cook contends that the warrants were issued without probable cause, and his rights under the Fourth Amendment to the United States Constitution were violated in connection

with the issuance and execution of the search warrants, and that all evidence recovered in connection with the search warrants should be suppressed.

4.     The affidavits in support of both search warrants allege that during the first weeks of January, 2012, a confidential informant provided information regarding a cocaine shop located at the 3000 block of Brighton Street.  The confidential informant alleged that narcotics were being "stored and sold" at 3032 Brighton and the shop was being run by "Kelly" who possessed two handguns.  An attempted controlled purchase from "Kelly" was unsuccessful.  Kelly was allegedly identified to be the defendant, Leon Cook.  The warrant recites Mr. Cook's record of arrests.  "Trash pulls" were allegedly conducted on 3030 and 3032 Brighton Street on February 9, 2012, the same date as the issuance of the warrants.  Recovered from the trash at 3030 Brighton were two ziplock bags with residue of marijuana; recovered from 3032 was a vial of cocaine residue.  The affiant concluded, based on his investigation, that Mr. Cook was staying at 3030 Brighton Street, but was using 3032 Brighton Street to distribute narcotics.

5.     Mr. Cook contends that the following factors demonstrate that the affidavits fail to allege probable cause for the issuance of a warrant at either location:

- The affidavits seek authority to search "premises" at 3030 and 3032 Brighton Street, respectively.  There is no description as to the type of "premises:" residence or commercial; single unit or multiple unit.  There is no statement as to how the affiant identified these specific "premises" with the specific addresses.

- The affidavits fail to establish the reliability of the confidential informant.  The CI had been under the supervision of the affiant for only 5 weeks.  While it is alleged that he was found to be "reliable and accurate," the affiant provides no information

-2-

supporting the claim other than the fact that the investigations had led to 3 arrests involving handguns and narcotics.  There is no statement as to the outcome of the criminal charges that were brought.

• The affiant states that the CI provided information about a cocaine shop on the 3000 block of Brighton street,  run by "Kelly," where drugs were stored and sold at 3032 Brighton.  There is no information provided as to how the CI came to the conclusion about drugs being "stored and sold" at 3032, such as whether he made personal observations of transactions or made first hand observations from inside the premises.  The conclusions might have been based on totally unsubstantiated word-of-mouth talk on the streets.  There is no allegation regarding 3030 being used in the drug trade other than that Mr. Cook stays there.

• The affiant does not explain how he came to identify the defendant, Leon Cook, as the "Kelly" referred to by the CI.  While the affiant claims that the CI provided a description of "Kelly," the description is not set forth.  There is no allegation that when the affiant came to conclude that "Kelly" was the defendant, Leon Cook, that a positive ID was made by the CI.

• After alleging that Kelly was in fact, the defendant, Leon Cook, the affiant sets forth his *arrest* record, not a record of convictions.  The inference to be drawn from arrest records, without substantiation of the truth of the underlying allegations, is weak.

• The affiant makes totally unexplained and unsubstantiated allegations that the defendant, Leon Cook, is still living on the 3000 block of Bright Street and planning on retaliating against a person who shot him.

-3-

- The affiant alleges that "trash pulls" were conducted on 3030 and 3032 Brighton Street. The affiant alleges that the trash was located "by the fence" of each location; and, each trash pull resulted in the recovery of a package with CDS residue. The allegation that the trash was located "by the fence" provides no basis for the inference that the trash searched was connected to the "premises" of each location. As previously noted, the affiant provides no description with regard to each location, so consequently there is no basis from which to conclude that an inference may be drawn that the trash recovered is connected to either address.

6.     The defendant has standing to contest the search and seizure of the residences located at 3030 Brighton Street and 3032 Brighton Street, *see Rakas v. Illinois,* 439 U.S. 128 (1978).

7.     The search warrant was issued in violation of the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrants did not establish probable cause to believe evidence of a crime would be found at the locations. *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause;" probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

8.      In addition, the decision to seek the search warrants was prompted by the unlawful "trash pulls" that were conducted at each location, in violation of the defendant's rights under the Fourth Amendment to the United States Constitution, and the information obtained during prior unlawful police activities was presented to the judge and affected the judge's decision to issue the search warrants for the premises located at 3030 and 3032 Brighton Street, Baltimore, Maryland. Accordingly, the warrants were tainted by the prior illegalities and their fruits must be suppressed. When the information obtained during the prior unlawful search and seizures is extracted from the affidavit, it is insufficient to support issuance of the warrants. *See Murray v. United States*, 487 U.S. 533, 542 (1988) (search warrant that follows Fourth Amendment violation is invalid when police's decision to seek warrant was prompted by information obtained during unlawful search and seizure, or if information obtained during unlawful search and seizure was presented to magistrate judge and affected his decision to issue the warrant); *Segura v. United States*, 468 U.S. 796, 813-14 (1984) (when police conduct unlawful search and later obtain warrant, evidence seized under warrant must be suppressed unless warrant was based on information wholly unconnected to earlier illegality); *United States v. Karo*, 468 U.S. 705, 719 (1984) (information obtained in violation of Fourth Amendment would invalidate search warrant "if it proved to be critical to establishing probable cause for the issuance of the warrant").

9.      Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrants. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted).

10.     Because the defense's investigation of this case is incomplete, Mr. Cook reserves the

right to move for suppression of evidence based on grounds not now discernible such as, but not

limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

11.     Mr. Cook accordingly requests that this Court issue a pre-trial ruling barring the

government from admitting at trial in this case evidence obtained in connection with the unlawful

arrest or the searches of the premises located at located at 3030 Brights Street and 3032 Brighton

Street, Baltimore, Maryland.

WHEREFORE, Leon Cook respectfully moves this Honorable Court to issue a pre-trial

ruling barring the government from admitting any evidence seized in connection with the unlawful

searches of premises located at 3030 and 3032 Brighton Street, Baltimore, Maryland.


Respectfully submitted,

JAMES WYDA
Federal Public Defender


/S/

_____
JOSEPH A. BALTER          #04496
Deputy Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: joseph_balter@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Mr. Cook requests a hearing on this motion.

/S/

_____

JOSEPH A. BALTER        #04496
Deputy Federal Public Defender